The judges,
after hearing argument, were all of ops-iiion, that a new trial should be granted in this case. For although it is clear that the seizing and levying of goods and chattels by operation of law, vests the property in the sheriff, so that he may go on and sell them at any time af-terwards, and raise the money mentioned .in the execution, and pay it over to the plaintiff in the action, yet it is very different with respect to lands or real estates. It still remains the property of the defendant in the suit, till actually sold. It is not the execution which binds the land, but the judgment; and the execution, as to lands, is only the authority to the sheriff to go on and sell under the judgment by which they had been previously bound. But this power, like all other delegated power or authority, has its bounds and limits. The' execution itself fixes and limits this power, both as to the quantum of money to be raised by it, and the time within which it must be done ; and it cannot *525 be carried further, or extended beyond the time limited by Jaw for the return of the execution. Every execution has a day certain for its return, and every sale under it must be within the period or tin* fixed for such return, as the authority under it then ceases; to revive which authority, the execution must be regularly renewed.
Rule for new trial made absolute.
All the judges present.